UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**CRYSTAL JEAN HAMANN,**

    **Petitioner,**

**V.**                                                  **Civil Action No. 4:22-CV-186-P**

**MICHAEL SMITH, Warden,**
**FMC-Carswell,**

    **Respondent.**

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, Crystal Jean Hamann ("Hamann"), a federal prisoner confined at FMC-Carswell, against Michael Smith, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by petitioner Hamann, the Court has concluded that the petition should be denied.

**I.    BACKGROUND/FACTS**

Petitioner Hamann continues to serve her 121 month term of imprisonment on her 2016 conviction in the United States District Court for the Western District of Texas for conspiracy to possess with intent to distribute 50 grams or more of actual methamphetamine and/or 500 grams of a mixture and substance containing methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) . Judgment, *United States v. Hamann*, Criminal Action No. 7:16-CR-035-RAJ-1, ECF No. 98.[1] In the instant petition, Hamann challenges a prison disciplinary proceeding and the resultant lost of good conduct time credit and loss of commissary, e-mail, and phone privileges. Pet. 2, ECF No. 1.

While serving her sentence at FMC-Carswell, Hamann was charged on February 11, 2021, Incident Report No. 3474128 with an attempt to use the mail for abuse, in violation of BOP prohibited act code 296A, and an attempt to give or

---

1. The Court takes judicial notice of the records of the United States District Court for the Western District of Texas. See Fed R. Evid. 201(a)(2) and (c)(1),

receive money or anything of value to another inmate, in violation of BOP code 328A. Resp. Appendix ("App.") 9, 73, 76, ECF Nos. 9 and 12.[2] Special Investigative Services Technician (SIS Tech) R. Sword was monitoring outgoing inmate requests for withdrawals from their personal funds and discovered Hamann was attempting to send $200.00 to N. Bretz in San Angelo, Texas. *Id.* at 9, 13, ECF No. 12. The San Angelo address, however, is listed for family members of another FMC-Carswell inmate, L. Marquez, Reg. No. 92027-080. *Id*. at 9, 15. The phone number Hamann had associated with that San Angelo address was also different than any of the phone numbers inmate Marquez had for her family members at that address. *Id*. Thus, SIS Tech Sword determined Hamann attempted to pay Marquez by using fictitious information to mail a check to Marquez's family, which amounted to an attempt to abuse the mail system and circumvent mail monitoring. *Id.* at 9.

Lieutenant J. Robinson delivered the incident report to Hamann on February 11, 2021, and conducted an investigation. App. 9-10, §§ 14-16, 23-24, ECF No. 12. Lt. Robinson advised Hamann of her rights. *Id.* at 10, §§ 23, 24. Hamann confirmed she understood her rights, the charges against her, and that she received a copy of the incident report. *Id.* at 10, § 24. She did not provide a statement. *Id*. Lt. Robinson found the incident report to be true as written and forwarded the case to the Unit Discipline Committee (UDC) for further review and hearing. *Id*. at 10, §§ 26, 27.

Hamann appeared before the UDC on February 12, 2021. App. 9, § 21, ECF No. 12. At the hearing, Hamann made no comment or statement. *Id.* at 9, § 17. Because the incident contained a 200 series code offense, the UDC referred the incident report to a Discipline Hearing Officer (DHO). *Id*. at 9, §§ 18(B), 19. The UDC also recommended the loss of good conduct time, and telephone, commissary, and email restrictions, if found guilty. *Id.* at 10, § 20.

A Notice of Discipline Hearing Before the DHO was provided to, and acknowledged by, Hamann on February 12, 2021. App. 11-12, ECF No. 12. Among other things, the notice advised Hamann of her rights to assistance from a staff

---

[2]. The Appendix includes the Declaration of Heather Rhea (App. 1-3), Inmate Discipline Program documents (App. 24-80), and a Trust Fund/Deposit Fund Manual (App. 81-92). These document are located on the docket at ECF No. 9. The Appendix also contains the sealed un-redacted records of the relevant disciplinary proceeding (App. 4-23). These documents are located at ECF No. 12.

2

representative, to call witnesses or present witness statements, to present documentary evidence, and to appeal the DHO's decision by means of the Administrative Remedy Procedure. *Id.* Hamann declined a staff representative and to call witnesses. *Id*. at 12.

A hearing was held before the DHO on March 2, 2021. App. 5-7, ECF No. 12. Hamann waived her right to call witnesses. *Id.* at 5, § III.C.1. She was afforded the opportunity to make a statement to the DHO. *Id*. at 5, § III (B). She stated, "I understand what I did was wrong." *Id.* The DHO considered the incident report, investigation, TRULINCS documentation, and the written statement by SIS Tech Sword. *Id.* at 5-6, §§ III (D), V. Based on the evidence presented, the DHO concluded Hamann violated BOP disciplinary code 296A, attempting to use mail for abuse other than criminal activity, and code 328A, attempting to give money to another inmate without permission, as charged. *Id.* at 6, §§ IV, V. The DHO described to Hamann the specific evidence relied upon in reaching this conclusion. *Id*. at 6, § V. In summary, Hamann's admission that she understood what she did was wrong, and the greater weight of the evidence, shows that Hamann was guilty of the charges of attempting to abuse the mail and send money to another inmate. *Id.*

Based on her findings, the DHO recommended disallowance of 27 days of Hamann's good conduct time credit and 60 days loss of commissary for the violation of code 296A, and 60 days loss of email and phone for the violation of code 328A. *Id*. at 6, § VI.

## II.     ISSUES

Hamann's claims the evidence was insufficient to find her guilty of the prohibited acts. More specifically, she suggests she is only able to provide a signed authorization to issue a check but has no access to the mail system to send the check; therefore, she could not circumvent the mail system. Pet. 7, ECF No. 1. She also claims she was not prohibited from sending money to another inmate's relative if there is no proof the money would be returned to the inmate. *Id.* She now alleges that she is actually innocent of the disciplinary charges. *Id*. at 6. Review shows that Hamann is not entitled to the relief she seeks.

3

### III. ANALYSIS

#### A. The disciplinary process satisfied *Wolff v. McDonnell* due process requirements.

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court identified the protections or procedures that a prison inmate may expect at a disciplinary hearing which results in a sanction which affects a liberty interest. An inmate charged with a violation must be given: (1) advance written notice of the charges at least 24 hours before the hearing; (2) the opportunity to appear at the hearing, to call witnesses, and to present rebuttal evidence when the exercise of such right would not be unduly hazardous to institution safety or correctional goals; (3) the opportunity to receive the assistance of a staff or inmate lay advocate where the charged inmate is illiterate or the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case; and (4) a written statement by the factfinder as to the evidence relied on for the decision, and the reasons for the action. *Wolff*, 418 U.S. at 653-568.

The Respondent recited in detail the regulations governing BOP inmate disciplinary proceedings as set forth at 28 C.F.R. §§ 541.1–541.8. Resp. 4-6, ECF No. 8. Review of the factual record included in the Background section above, shows that the BOP followed these detailed regulations in conducting the disciplinary process at issue in this case. Review of the detailed record indicates that each of the *Wolff* requirements was met in the disciplinary action Hamann is challenging.

#### B. Petitioner's challenge to the sufficiency of the evidence is without merit.

When reviewing a prison disciplinary action, a court must simply consider whether the decision of the prison authority was supported by "some facts" or "any evidence at all." *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981). Due process does not require that the evidence in such a proceeding eliminate all other possible conclusions. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985) (citation omitted). In *Hill* the Fifth Circuit stated:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the

4

> credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Id.* at 455-56. That is, if there are "some facts" or "any evidence at all" that support the action taken by prison officials, their decision must be upheld on federal habeas review. *Smith*, 659 F.2d at 545. The Fifth Circuit has also explained:

> We have stated that the federal courts cannot retry every prison disciplinary dispute; rather the court may only act where arbitrary or capricious action is shown. *This means that prison disciplinary hearings will be overturned only when there is no evidence whatsoever to support the decision of prison officials; a de novo factual review* is not required.

*Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994) (emphasis added) (citing *Smith*, 659 F.2d at 545). In order to successfully challenge the outcome of the disciplinary action, Hamann must demonstrate that there was no evidence whatsoever to support the DHO's decision. *Id.* at 1062. Hamann has not met this burden.

At the outset, Hamann admitted at the DHO hearing that she engaged in the prohibited conduct, stating: "I understand what I did was wrong." App. 5, § III (B), ECF No. 12. She offered no other statement or defense. *Id*. Thus, Hamann's admission of wrongdoing was sufficient evidence under *Hill* and supported the DHO's finding that she violated codes 296A and 328A. *Id.*

For the first time within this proceeding, however, Hamann now asserts that she did not commit a prohibited act. *See generally* Pet. 6-8, ECF No. 1. Hamann first claims that merely providing a signed check authorization to her counselor is not sufficient evidence she attempted to circumvent the mail system. *Id.* at 6-7. BOP policy states that an inmate uses a BP-199 to withdraw funds and schedule a U.S. Treasury check payment. App. 90, ECF No. 9. Hamann provided a signed BP-199, specifically asking that $200.00 be withdrawn from her account to be paid to N. Bretz at the provided San Angelo address. App. 13, ECF No. 12. Hamann knew that she was asking to have the issued check mailed to N. Bretz, a relative of inmate Marquez. Pet. 7, ECF No. 1 (acknowledging that the intended recipient's mother is incarcerated). Since there were "some facts" and evidence to support the DHO's finding that Hamann was attempting to circumvent the mail system to send another inmate money, there is no violation of her due process rights.

Likewise, the evidence is also sufficient to support the DHO's finding Hamann violated code 328A. Here, Hamann asserts that the BOP only prohibits giving and receiving money between inmates but does not prohibit inmates from sending funds to an individual related or acquainted with another inmate. Pet. 7, ECF No. 1. Indeed, the BOP prohibits transfer of funds from one inmate to another, unless they are close relatives, and the Warden approves in writing. App. 91, ECF No. 9. Hamann's admission that she knew what she did was wrong, along with evidence showing she used fictitious information to send money to inmate Marquez's relatives, supports the determination of "some facts" supporting the finding that Hamann attempted to send money to inmate Marquez.

Therefore, Hamann's admission of wrongdoing was sufficient evidence to find she attempted to circumvent the mail and send money to another inmate in violation of BOP codes 296A and 328A. And the additional evidence, including the BP-199 and fictitious information, was further evidence to support the DHO's findings. Thus, there was no violation of Hamann's due process rights and the DHO's decision must be upheld.

### IV.     CONCLUSION

For the reasons discussed herein, Crystal Jean Hamann's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DENIED**. A certificate of appealability is also **DENIED**.

**SO ORDERED** on this **4th day** of **October, 2022.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE